**OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY**



**JEAN FRIEND, CIRCUIT CLERK**
**75 HIGH STREET, SUITE 12**
**MORGANTOWN WV 26505**
Telephone: 304-291-7240
Fax: 304-291-7273

**17th Judicial Circuit**                                    **20th Family Court**

FILED

May 19, 2023                                    MAY 2 3 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

United States District Court
Attn: Cheryl Dean Riley
Post Office Box 2857
Clarksburg, WV 26301

IN RE:   Civil Action No. 23-C-82

CASEY DYE, on behalf of herself and all others similarly situated
 vs.
SANTANDER CONSUMER USA INC
d/b/a CHRYSTLER CAPITAL, a registered trademark of FCA US LLC

Dear Ms. Riley:

Enclosed please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

Please contact this office if we can be of any further assistance in this matter.

Very truly yours,

Beth Judy
Deputy Circuit Clerk of Monongalia County

Enclosures

BAJ

**IN THE CIRCUIT COURT OF** _____ **MONONGALIA** _____ **COUNTY, WEST VIRGINIA**

### CIVIL CASE INFORMATION STATEMENT
#### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**                                    Case No. _~~43C82~~_

**Plaintiff(s)**                                        Judge: _Tucker_

CASEY DYE, ON BEHALF OF HERSELF

AND ALL OTHERS SIMILARLY SITUATED

_____

**vs.**

| | Days to | |
|---|---|---|
| **Defendant(s)** | **Answer** | **Type of Service** |

SANTANDER CONSUMER  USA INC.              30        WV Secretary of State
Name

C/O CT Corporation System
Street Address

5098 Washington St. W. Ste 407, Charleston, WV
City, State, Zip Code

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation _[As defined in T.C.R. 26.04(a)]_
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  04 / 2024

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

| | |
|---|---|
| Attorney Name: Benjamin M. Sheridan & Jed R. Nolan | Representing: |
| Firm: Klein & Sheridan, LC | [✓] Plaintiff [ ] Defendant |
| Address: 3566 Teays Valley Rd. Hurricane, WV 25526 | [ ] Cross-Defendant [ ] Cross-Complainant |
| Telephone: (304) 562-7111 | [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant |

[ ] **Proceeding Without an Attorney**                                 F I L E D

Original and    2    copies of complaint enclosed/attached.              MAR 2 8 2023

Dated:  03 / 24 / 2023    Signature: _____              DONNA HIDOCK, CLERK

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**    Revision Date: 12/2015

**Plaintiff:**   CASEY DYE, ON BEHALF OF HERSELF        *, et al*      **Case Number:** _____

**vs.**

**Defendant:** SANTANDER CONSUMER  USA INC.        *, et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

Defendant's Name _____

Street Address _____                    Days to Answer: _____

City, State, Zip Code _____             Type of Service: _____

# IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CASEY DYE, on behalf of
Herself and all others
similarly situated,

     PLAINTIFF,

v.

SANTANDER CONSUMER
USA INC., d/b/a
CHRYSLER CAPITAL,
a registered trademark of FCA US LLC,

     DEFENDANT.

CIVIL ACTION NO. _23C82_

## **CLASS ACTION COMPLAINT**

1.     Plaintiff Casey Dye, individually and on behalf of all persons similarly situated, seeks damages and an injunction against Santander Consumer USA, Inc. ("Santander") for violations of West Virginia debt collection law. Plaintiff and other West Virginia consumers finance their vehicles through Santander, who impermissibly profits by charging and collecting illegal payment processing fees when consumers make their monthly auto loan payments by telephone or online ("Pay-to-Pay Transactions"). Santander routinely violates West Virginia debt collection law by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

2.     Debt servicers and collectors, like Santander, are usually compensated out of the interest paid on each borrower's monthly payment – not via additional "service" fees that are not authorized by the consumers' loan agreements or by statute. Under West Virginia law, Santander cannot collect payment processing fees or pass along its own debt servicing costs to consumers unless such fees are explicitly authorized by the agreement creating the debt <u>and</u> by a statute.

F I L E D

MAR 28 2023

DONNA HIDOCK, CLERK

1

3.      No statute authorized Santander to collect Pay-to-Pay fees, and Plaintiff's loan agreement does not authorize Santander to collect such a fee. Therefore, Santander violates West Virginia law by charging and collecting Pay-to-Pay fees.

4.      Santander has been sued at least twice before outside of West Virginia, in California and Arkansas, for near-identical violations of state debt collection laws. Even though West Virginia law is more protective of consumers (and more prohibitive of these fees), Santander has persisted in its unlawful behavior despite being on notice that Pay-to-Pay Fees violate state debt collection law.

5.      Upon investigation and belief, the actual cost for Santander to process online payment transactions is very low – less than 50 cents per Pay-to-Pay Transaction– and well below the $2.75 Pay-to-Pay Fees that Santander collects from West Virginia consumers. By collecting Pay-to-Pay Fees, Santander not only impermissibly shifts its own cost of debt servicing to West Virginia consumers, but it also creates a profit center for servicing payments by pocketing the difference between the costs of the transactions and the fees paid by the consumers.

6.      Plaintiff paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendants from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff Casey Dye is a resident of Monongalia County, West Virginia.

8.      Defendant Santander Consumer USA Inc. d/b/a Chrysler Finance ("Santander") is an Illinois corporation that has its principal place of business in Dallas, Texas. Santander is a

2

consumer finance company that focuses on vehicle finance and is registered to do business and does business in West Virginia.

9.    This Court has jurisdiction over Santander because it conducts business in West Virginia and commits torts in West Virginia, as described in this Complaint.

10.    Venue is proper because this is the county where the Plaintiff resides.

## Factual Background

### *Pay-to-Pay Fees in the Auto Loan Industry*

11.    Each time a consumer whose auto loan is serviced by Santander pays over the phone or via the internet, the consumer is charged a fee.

12.    For example, Plaintiff was charged a fee of $2.75 to pay her October 2022 payment.

13.    Santander uses a third-party vendor to process the transaction. The usual cost that loan servicers pay third parties to process Pay-to-Pay Transactions is 50 cents or less per transaction. By charging consumers for its payment processing costs, Santander illegally passes its cost of debt collection servicing to consumers and by up-charging for the service, illegally pockets the amount of the fee that exceed its costs as profit.

14.    In the auto loan industry, Retail Installment Sales Agreements are executed on form agreements that do not authorize auto loan servicers to collect Pay-to-Pay Fees.

15.    There is no statute that authorized Santander to collect Pay-to-Pay fees.

### *Named Plaintiff's Facts*

16.    Plaintiff entered into an auto loan agreement in July of 2022.

17.    Subsequently, Santander undertook the servicing rights to her loan.

18.    Santander has charged Plaintiff a $2.75 fee for making payments.

3

19.    Plaintiff's Retail Installment Sales Agreement does not authorize Santander to assess fees for scheduled payments, electronic payments, online payments, or telephone payments.

20.    W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

21.    By charging or collecting Pay-to-Pay Fees that are a part of Santander's fee or charge for services rendered, Santander violated the law of West Virginia, i.e., the CCPA: *See* 46A-2-128(c).

22.    By charging or collecting Pay-to-Pay Fees not authorized by the Retail Installment Sales Agreement, Santander violated the law of West Virginia, i.e., the CCPA: *See* 46A-2-128(d).

## THE PROPOSED CLASS

23.    Plaintiffs incorporate the preceding paragraphs by reference.

24.    This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class as follows: All persons in West Virginia that the Defendants charged a Pay-to-Pay fee for making a loan payment by telephone, by interactive voice recognition (IVR) or by any other means, during the applicable statutes of limitations through the date a class is certified.

25.    Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

26.    The putative class is so numerous that joinder of all members is impractical.

27.    There are questions of law and fact common to the putative class that predominate over any questions affecting only individual class members, including but not limited to:

4

a.   Whether Defendant assessed Pay-to-Pay Fees on Class members;

b.   Whether Pay-to-Pay Fees were authorized by Plaintiff's and Class members' Retail Installment Sales Agreements;

c.   Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of its fee or charge for services rendered;

d.   Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

e.   Whether Defendant's business practices are unlawful;

f.   Whether Plaintiffs and the Class were damaged by Defendant's conduct;

g.   Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

h.   Whether Plaintiff and the Class are entitled to attorney's fees and costs.

28.     The principal common issues involve whether Defendant's conduct regarding the aforementioned communications constitutes a violation of the debt collection practices provisions of the WVCCPA.

29.     Plaintiff's claims are typical of the claims of the Class members. Defendant charged her a Pay-to-Pay Fee in the same manner as the rest of the Class members.

30.     Plaintiff will fairly and adequately protect the interests of the class. She has suffered pecuniary injury as a result of Defendant's actions.

31.     Neither the Plaintiff nor her counsel has any interest that might prevent them from vigorously pursuing this claim.

32.     A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

33.     The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

34.     The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

35.     As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

### CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS
### COUNT I

### VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

36.     Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

37.     Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Monongalia County, West Virginia.

38.     Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

a.     using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;

b.     collecting or attempting to collect collection fees or charges, in violation of West Virginia Code §46A-2-128(c);

6

c.      collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

d.      utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiff's loan status in an attempt to collect a debt or obtain information regarding Plaintiff in violation of West Virginia Code §46A-2-127;

e.      representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

f.      falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

g.      threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

39.      As a result of the Defendant's actions, Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

**RELIEF SOUGHT**

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all class members:

1.      Certify this case as a class action under Rule 23 of the West Virginia Rules of Civil Procedure, and denominate Plaintiff as representative for the class and her undersigned counsel as counsel for the class;

2.    As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

3.    Award the actual or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

4.    Award prejudgment and post-judgment interest at the proper rate allowed by law;

6.    Award reasonable attorneys' fees and costs;

7.    Award appropriate and necessary equitable relief for Plaintiff and class members;

8.    Enter judgment against Defendant and in favor of the Plaintiff and the class on all claims and declare Defendant's conduct illegal; and

9.    Award all other relief deemed just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: March 24, 2023                              Respectfully Submitted,

Benjamin Sheridan (W. Va. Bar # 11296)
Jed R. Nolan (W. Va. Bar #10833)
Klein & Sheridan, L.C.
3566 Teays Valley Road
Hurricane, WV 25525
304-562-7111


Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jmarshall@baileyglasser.com
(304) 345-6555


Patricia M. Kipnis (WVSB #12896)
Bailey & Glasser LLP

8

923 Haddonfield Road
Suite 300
Cherry Hill, New Jersey 08002
pkipnis@baileyglasser.com

*Counsel for Plaintiff*

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MONONGALIA CO CIRCUIT COURT
75 HIGH STREET
SUITE 12
Morgantown, WV 26505-5427

**Control Number:** 307542

**Defendant:** SANTANDER CONSUMER USA INC.
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Monongalia

**Civil Action:** 23-C-82

**Certified Number:** 92148901125134100003787260

**Service Date:** 4/20/2023

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of*
*process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this*
*document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

FILED

APR 27 2023

DONNA HIDOCK, CLERK

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CASEY DYE, on behalf of
Herself and all others
similarly situated,
     PLAINTIFF,

v.                                                    CIVIL ACTION NO. _23C82_

SANTANDER CONSUMER
USA INC., d/b/a
CHRYSLER CAPITAL,
a registered trademark of FCA US LLC,
     DEFENDANT.

### SUMMONS

To the above-named DEFENDANT:   **Santander Consumer USA, Inc. d/b/a**
   **Chrysler Capital, a registered trademark of FCA**
   **US, LLC**
   **CT Corporation System**
   **5098 Washington St. W. Ste 407**
   **Charleston, WV 25313**

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Benjamin M. Sheridan, Plaintiff's attorney**, whose address is: **Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of the date of service. If discovery is attached, you are further required to file a response to attached discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: _Mar 28_, 20 _23_

                                      Clerk of Court

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CASEY DYE, on behalf of Herself and all others
similarly situated,

                Plaintiff,

vs.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL, a registered trademark of
FCA US LLC,

                Defendant.

CIVIL ACTION NO. 23C82

### <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") gives notice

that Chrysler Capital has filed in the United States District Court for the Northern District of

West Virginia a Notice of Removal of this action.   Attached as **<u>Exhibit A</u>** is a true and correct

copy of the Notice of Removal without exhibits.

                Respectfully submitted,

Dated:  May 19, 2023

                **DUANE MORRIS LLP**

                Kevin P. Allen
                625 Liberty Avenue, Suite 1000
                Pittsburgh, PA 15222
                (412) 497-1037 (phone)
                (412) 202-8716 (fax)
                KPAllen@duanemorris.com

                *Attorneys for Santander Consumer USA Inc.*
                *d/b/a Chrysler Capital*

**FILED**

MAY 1 9 2023

DONNA HIDOCK, CLERK

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 16 of 22   PageID #: 41
o:   Page: 04 of 11      2023-05-19 13:58:13 EST      Duane Morris LLP      From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 1 of 7   PageID #: 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

CASEY DYE, on behalf of Herself and all others
similarly situated,

                              Plaintiff,

vs.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL, a registered trademark of
FCA US LLC,

                              Defendant.

> ELECTRONICALLY
> FILED
> **May 19 2023**
> U.S. DISTRICT COURT
> Northern District of WV

**Civil Case No. 1:23-CV-45 (Kleeh)**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Defendant" or "Chrysler

Capital") gives notice of the removal of the action styled *Casey Dye, et al. v. Santander Consumer*

*USA, Inc., d/b/a Chrysler Capital, a registered trademark of FCA US LLC,* bearing Civil Action

No. 23C82 (the "State Court Action") from the Circuit Court of Monongalia County, West

Virginia, to the United States District Court for the Northern District of West Virginia. In support

of this Notice of Removal, Chrysler Capital states as follows:

**I.   BACKGROUND**

    1.      On or about April 20, 2023, Plaintiff commenced the State Court Action.  A copy

of the Summons and Complaint is attached as Exhibit 1.[1]

    2.      On April 24, 2023, Chrysler Capital was served with the Summons and Complaint

in the State Court Action.  *See* Service of Process Transmittal, attached hereto as Exhibit 2.

---

[1] Pursuant to 28 U.S.C. § 1446(a), Exhibit 1 contains copies of all of the process and pleadings served on Chrysler Capital in the State Court Action.

EXHIBIT
A

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 17 of 22   PageID #: 42
Page: 05 of 11                2023-05-19 13:58:13 EST          Duane Morris LLP          From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 2 of 7   PageID #: 2

3.      Plaintiff Casey Dye is a citizen of the State of West Virginia. *See* Exh. 1, Complaint, ¶ 7.

4.      Chrysler Capital is an Illinois corporation with its principal place of business in Dallas, Texas. Exhibit 3, Declaration of Randy Bockenstedt in Support of Defendant's Notice of Removal ("Bockenstedt Decl."), ¶ 2.

5.      Plaintiff alleges that Chrysler Capital charges and collects from West Virginia consumers illegal "pay-to-pay" fees, in violation of West Virginia's Consumer Credit and Protection Act ("WVCCPA"), West Virginia Code §46A-1-101 *et seq.* Exh. 1, Complaint, ¶¶ 1, 4, 5, 6, and 21-22.

6.      Plaintiff seeks to represent a putative class of "[a]ll persons in West Virginia that the Defendants charged a Pay-to-Pay fee for making a loan payment by telephone, by interactive voice recognition (IVR) or by any other means, during the applicable statute of limitations through the date a class is certified." *Id.* at ¶ 24.

7.      Plaintiff and the class members seek a civil penalty as authorized by West Virginia Code § 46A-5-101(1) for each violation of any provision of Chapter 46A, actual or compensatory damages, including any overpayment of fees, prejudgment and post-judgment interest, and all other available relief, as well as costs and reasonable attorneys' fees. *Id.* at "Relief Sought" Section.

8.      Plaintiff alleges that Chrysler Capital charged her a $2.75 fee for making payments to Chrysler Capital in violation of the statute. *Id.* at ¶¶ 18, 20-22.

II.     **GROUNDS FOR REMOVAL**

9.      A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 18 of 22   PageID #: 43
Page: 06 of 11                2023-05-19 13:58:13 EST        Duane Morris LLP            From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 3 of 7   PageID #: 3

citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative

class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class

members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. §

1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities

against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A);

and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

    10.    CAFA provides that a district court may decline jurisdiction over a class action "in

which greater than one-third but less than two-thirds of the members of all proposed plaintiff

classes in the aggregate and the primary defendants are citizens of the State in which the action

was originally filed." *Id.* § 1332(d)(3).

    11.    CAFA further provides that a district court "shall decline to exercise jurisdiction"

over a class action in two instances: First, in a class action in which "(I) greater than two-thirds

of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which

the action was originally filed; (II) at least one defendant is a defendant--(aa) from whom

significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a

significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of

the State in which the action was originally filed . . ." *Id.* § 1332(d)(4)(A). Second, in a class action

where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and

the primary defendants, are citizens of the State in which the action was originally filed." *Id.* §

1332(d)(4)(B).

    A.    **Minimal Diversity Exists.**

    12.    Chrysler Capital is an Illinois corporation with its principal place of business in

Texas. Plaintiff is a resident of West Virginia. Thus, minimal diversity exists between the parties.

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 19 of 22   PageID #: 44
Page: 07 of 11                    2023-05-19 13:58:13 EST         Duane Morris LLP          From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 4 of 7   PageID #: 4

28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

**B.      The Putative Class Consists of More than 100 Members.**

13.      Plaintiff alleges that the putative class consists of "[a]ll persons in West Virginia that the Defendants charged a Pay-to-Pay fee for making a loan payment by telephone, by interactive voice recognition (IVR) or by any other means, during the applicable statute of limitations through the date a class is certified." Exh. 1, Complaint, ¶ 24. While Chrysler Capital denies that it charged Plaintiff a "Pay-to-Pay" fee, it accepts the allegation for purposes of this removal only. Based on a recent review of its records and a preliminary analysis, the number of retail installment accounts in West Virginia that made a payment by interactive voice recognition (IVR) alone is in more than 7,500 during the relevant period of time. Exh. 3, Bockenstedt Dec., ¶ 7. That number will grow as other accounts voluntarily avail themselves of the convenience of IVR payment processing.

**C.      As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.**

14.      Plaintiff claims that Chrysler Capital violated WVCCPA. Exh. 1, Complaint, ¶ 22. A WVCCPA violation calls for at least a civil penalty in the amount of $1,000. West Virginia Code §46A-5-101(1). Chrysler Capital denies any WVCCPA violation.

15.      Even assuming that each of the more than 7,500 accounts that made a payment by IVR during the relevant period of time made only one payment by IVR, applying $1,000 for each of such accounts, the amount in controversy is well in excess of CAFA's $5,000,000 threshold. We might anticipate that each of those accounts made more than one payment by IVR, putting the amount in controversy even further over that threshold.

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 20 of 22   PageID #: 45
Page: 08 of 11          2023-05-19 13:58:13 EST          Duane Morris LLP          From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 5 of 7   PageID #: 5

16.     The above calculation also does not take into account attorneys' fees, among other damages.

**D.      Chrysler Capital Is Not a Governmental Agency.**

17.     Chrysler Capital is not a state, a state official or a government entity. *See* 28 U.S.C. § 1332(d)(5)(A).

**E.      Removal Is Timely.**

18.     Chrysler Capital has removed the action within thirty days of being served with or having received the Complaint. This Notice of Removal has, therefore, been timely filed. *See* 28 U.S.C. § 1446(b).

**F.      CAFA Exceptions Do Not Apply.**

19.     This action was originally filed in the State of West Virginia. Chrysler Capital is not a citizen of West Virginia and was not a citizen of West Virginia when the initial pleading in this case was filed. Accordingly, none of the potential exceptions to removal enumerated in 28 U.S.C. § 1332(d)(3)-(4) apply .

**III.     ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

20.     This action has not previously been removed to federal court.

21.     Notice has been sent to the state court regarding the removal of this action.

22.     All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiff, which will be promptly filed in the State Court Action. Exhibit 4.

23.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

Case 1:23-cv-00045-TSK  Document 3  Filed 05/23/23  Page 21 of 22  PageID #: 46
Page: 09 of 11          2023-05-19 13:58:13 EST          Duane Morris LLP          From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK  Document 1  Filed 05/19/23  Page 6 of 7  PageID #: 6

24.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Chrysler Capital of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Chrysler Capital's rights, claims, remedies, and defenses in connection with this action, including the right to move to sever claims, all of which are hereby fully and expressly reserved.  Chrysler Capital expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital removes to this Court the action styled *Casey Dye, et al. v. Santander Consumer USA, Inc., d/b/a Chrysler Capital, a registered trademark of FCA US LLC* bearing Civil Action No. 23C82 from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

Dated:  May 19, 2023                                    **DUANE MORRIS LLP**

                                                        /s/
                                                        Kevin P. Allen
                                                        625 Liberty Avenue, Suite 1000
                                                        Pittsburgh, PA 15222
                                                        (412) 497-1037 (phone)
                                                        (412) 202-8716 (fax)
                                                        KPAllen@duanemorris.com

                                                        *Attorneys for Santander Consumer USA Inc.*
                                                        *d/b/a Chrysler Capital*

Case 1:23-cv-00045-TSK   Document 3   Filed 05/23/23   Page 22 of 22   PageID #: 47
o:          Page: 10 of 11          2023-05-19 13:58:13 EST          Duane Morris LLP          From: Patsilevas, Kymberly

Case 1:23-cv-00045-TSK   Document 1   Filed 05/19/23   Page 7 of 7   PageID #: 7

### CERTIFICATE OF SERVICE

I CERTIFY that, on this 19th day of May 2023, a true and correct copy of the foregoing

was served via first-class mail, postage prepaid, to:

Benjamin Sheridan
Jed R. Nolan
Klein & Sheridan, L.C.
3566 Teays Valley Road
Hurricane, WV 25525

Jonathan R. Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301

Patricia M. Kipnis
Bailey & Glasser LLP
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002

*Attorneys for Named Plaintiff and the Putative Class*

Kevin P. Allen