# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

CASEY DYE, on behalf of Herself and all others similarly situated,

                      Plaintiff,

vs.

SANTANDER CONSUMER USA INC., d/b/a CHRYSLER CAPITAL, a registered trademark of FCA US LLC,

                      Defendant.

**Civil Case No. 1:23-CV-45 (Kleeh)**

## ANSWER AND AFFIRMATIVE DEFENSES

In response to the Complaint filed by Plaintiff Casey Dye ("Plaintiff"), Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital" or "Defendant") states as follows:

## ANSWER

1. Paragraph 1 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.      Paragraph 5 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Paragraph 6 contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7. Accordingly, Defendant denies those averments and demands strict proof thereof at the time of trial.

8.      Admitted.

9.      Defendant admits the averments of Paragraph 9 in part and denies those averments in part. Defendant admits that it does business in West Virginia and does not contest that it is subject to personal jurisdiction in this Court in this action. Defendant denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 contains a legal conclusion or statement to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10; this action is no longer pending in the state court forum in which Plaintiff originally filed this action. By way of further response, on information and belief, Plaintiff's claims are subject to a binding contractual arbitration provision, and, as such, this is not a proper forum to address the merits of Plaintiff's claims.

11.     Denied. By way of further response, consumers are able to make loan payments without having to pay any fee. For consumers' convenience, Chrysler Capital provides consumers with information about certain options for making payments on an expedited basis; those options involve an additional fee that is paid to a third party, not to Chrysler Capital.

12. Denied. In order to make a payment in October 2022, Plaintiff elected not to use one of the multiple methods of payment that involved no fee whatsoever; instead, Plaintiff elected voluntarily to use a payment method that resulted in Plaintiff incurring a fee for such service; that fee was paid to a third party, not to Defendant. Defendant denies that it charged a fee of $2.75 to Plaintiff in relation to her October 2022 payment.

13. Defendant admits the allegations of Paragraph 13 in part and denies those allegations in part. Defendant incorporates by reference paragraph 11 of this Answer and admits that it advises consumers that third-party payment services are available to consumers. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14. By way of further response, Defendant incorporates by reference paragraph 11 of this Answer and denies that it is impermissible for consumers to be charged fees by third parties to avail themselves of certain third-party payment options when other fee-free payment options are available. Defendant denies that it collected any impermissible fees.

15. Paragraph 15 contains a legal conclusion or statement to which no response is required. By way of further response, Defendant incorporates by reference paragraphs 11 and 14 of this Answer. Defendant denies that it collected any impermissible fees.

16. Defendant admits that Plaintiff entered into a Retail Installment Contract and Security Agreement ("Installment Contract") in July 2022 for the purchase of an automobile.

17. Defendant admits that Plaintiff's Installment Contract was assigned to Defendant.

18. Denied.

19. Plaintiff's Installment Contract requires Plaintiff to make a monthly payment of $335.23. Plaintiff has and has had multiple ways to make those payments without incurring any

fee.  Defendant denies that it "assessed" any fees on Plaintiff with respect to Plaintiff's loan payments.  Instead, in certain months, rather than making payment by a method that did not involve paying a processing fee, Plaintiff opted and elected to use another method of payment – made available for the convenience of consumers – that did require the payment of a fee to a third-party processor.

20. Admitted.  By way of further response, Defendant denies that it violated the referenced statute.

21. Denied.

22. Denied.

23. Defendant incorporates by reference the preceding paragraphs of its Answer.

24. Defendant denies the allegations of Paragraph 24.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

25. Defendant denies the allegations of Paragraph 25.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

26. Defendant denies the allegations of Paragraph 26.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

27. Defendant denies the allegations of Paragraph 27.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

28. Defendant denies the allegations of Paragraph 28.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

29. Defendant denies the allegations of Paragraph 29.  Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

30. Defendant denies the allegations of Paragraph 30. Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

31. Defendant denies the allegations of Paragraph 30. Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

32. Defendant denies the allegations of Paragraph 32. Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

33. Defendant denies the allegations of Paragraph 33. Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

34. Defendant denies the allegations of Paragraph 34. Defendant denies liability to Plaintiff and denies that this matter is suitable for class certification.

35. Defendant denies the allegations of Paragraph 35. Defendant denies liability to Plaintiff, denies that it caused Plaintiff any harm or damages, and denies that this matter is suitable for class certification.

## COUNT I

36. Denied.

37. Paragraph 37 contains a legal conclusion or statement to which no response is required. By way of further response, Defendant denies any violation of West Virginia law.

38. Denied.

39. Denied.

WHEREFORE, Chrysler Capital respectfully requests that this Court enter judgment in Chrysler Capital's favor and against Plaintiff, and award Chrysler Capital its costs, attorneys' fees, and such other relief as is deemed equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief of any kind can be granted against it.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of voluntary payment.

### THIRD DEFENSE

On information and belief, Plaintiff's claims are subject to a contractual mandatory arbitration provision. Defendant promptly will pursue relief to stay these proceedings pursuant to the Federal Arbitration Act, as appropriate. Included in the arbitration provision is a class waiver provision, which states that "[a]ny arbitration shall take place on an individual basis; class actions or arbitrations are not permitted." Thus, this matter is not suitable for class certification.

### FOURTH DEFENSE

Plaintiff cannot demonstrate a causal relationship between Defendant's alleged wrongdoing and the alleged harm sustained by Plaintiff.

### FIFTH DEFENSE

To the extent Plaintiff suffered any harm as alleged, it was the result of conduct of persons or entities over whom Defendant had no control or responsibility including, but not limited to, Plaintiff's own conduct, and for whose conduct Defendant is not thus liable.

### SIXTH DEFENSE

While Defendant denies that this matter is suitable for class certification, the purported claims of putative class members are not ripe.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate her alleged damages.

**EIGHTH DEFENSE**

Plaintiff is not entitled to punitive, exemplary, or statutory damages. Plaintiff's individual and/or putative class claims are barred, in whole or in part, to the extent that the damages sought are impermissibly disproportionate to Defendant's alleged actions and/or the alleged actual harm, in contravention of Defendant's due process rights.

**NINTH DEFENSE**

Plaintiff is estopped from asserting these claims against Defendant.

**TENTH DEFENSE**

Defendant denies that it violated any provision of the CCPA as alleged in the Complaint.

**ELEVENTH DEFENSE**

Defendant denies any violation of West Virginia law or other improper conduct. If it is determined that any violation or improper conduct occurred, such violation or conduct was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid such violation or error.

**TWELFTH DEFENSE**

Chrysler Capital acted appropriately, reasonably, lawfully, properly, and in good faith.

**THIRTEENTH DEFENSE**

The setting, purpose, and effect of the availability of multiple methods of payment for consumers demonstrate that a consumer's access to such methods of payment is not unconscionable or otherwise improper.

### FOURTEENTH DEFENSE

Defendant made no false representations to Plaintiff or any member of any putative class regarding any existing obligation or claim.

### FIFTEENTH DEFENSE

Defendant did not collect or seek to collect any of its fees or charges from Plaintiff or any member of any putative class.

### SIXTEENTH DEFENSE

Defendant did not collect or attempt to collect any charge, fee, or expense incidental to Plaintiff's or any putative class member's principal obligation.

### SEVENTEENTH DEFENSE

Based on the foregoing, if Plaintiff continues to pursue her claims, such continued pursuit will be in bad faith, frivolous, and/or for purposes of harassment or an effort to extract an *in terrorem* settlement.  As such, Defendant is entitled to recover its attorneys' fees pursuant to West Virginia law.

### EIGHTEENTH DEFENSE

Defendant gives notice that it intends to rely upon any other defenses that may become available in the litigation and reserves its right to amend the answer to assert further defenses.

Dated:  May 31, 2023                                          **DUANE MORRIS LLP**

/s/ Kevin P. Allen

Kevin P. Allen
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 497-1037 (phone)
(412) 202-8716 (fax)
KPAllen@duanemorris.com
*Attorneys for Santander Consumer USA Inc.*
*d/b/a Chrysler Capital*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2023, the foregoing Santander Consumer USA Inc. d/b/a Chrysler Capital's Answer and Affirmative Defenses served via the Court's ECF system, which will send notification of such filing to all counsel of record.  In accord with Local Rule 5.06(b), I further certify that the foregoing document is available for viewing and downloading on ECF.


Dated: May 31, 2023                                          /s/ Kevin P. Allen