**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CASEY DYE, on behalf of herself and all others similarly situated,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 1:23-CV-045 (KLEEH)**

**SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF APPEALS OF WEST VIRGINIA AND STAY RULING ON PENDING MOTIONS**

Pending is the motion of the plaintiff, Casey Dye ("Plaintiff"), to certify a legal question to the Supreme Court of Appeals of West Virginia ("WVSCA") [ECF No. 104]. For the reasons that follow, the Court **GRANTS** the Plaintiff's motion and intends to certify the following question:

Question 1: Can a "debt collector" be liable for engaging, "directly or indirectly," in "unfair or unconscionable means" of debt collection under W. Va. Code § 46A-2-128 based on its use of a third-party vendor, absent an agency relationship or other basis for vicarious liability between the debt collector and the vendor?

Pending before the Court is also Plaintiff's motion for the Court to stay ruling on the pending cross-motions for summary judgment, motion for class certification, and renewed motion to compel arbitration pending the Supreme Court of Appeals'

resolution of the certified question. In the interests of judicial economy, the Court **STAYS** ruling on the pending motions in this matter pending an answer from the WVSCA to its certified question.

## I. BACKGROUND

### A. Factual Background

Plaintiff Casey Dye entered into an auto loan agreement in July 2022. ECF No. 3, Compl. ¶ 16. Chrysler Capital undertook the servicing rights of Plaintiff's auto installment retail contract. Id. at ¶ 17. Plaintiff's agreement with Chrysler Capital is governed by a Retail Installment Contract and Security Agreement. ECF No. 13. Chrysler Capital provided multiple methods for Plaintiff to make her car payment. ECF No. 13. One particular method allowed for Plaintiff to use a third-party platform, ACI Payments, Inc. ("ACI"), to pay her bill with a debit card. ECF No. 17. Plaintiff alleges that Chrysler Capital improperly charged her $2.75 to pay her car payment with a debit card. ECF No. 3, Compl. ¶ 18. Plaintiff further alleges that Chrysler Capital illegally passes the cost of debt collection servicing to consumers and upcharges for the service. Id. at ¶ 13.

Plaintiff claims that Defendant participated in an arrangement wherein ACI paid Chrysler Capital in exchange for Chrysler's promotion of ACI's services. Amendment 5 to MSA.

Defendant argues that ACI is a separate entity and not an agent of Chrysler Capital. ECF No. 30. Defendant also claims that Chrysler Capital does not receive any part of the processing fee charged by ACI. Tardugno Dep. at 69:15-22, 72:23-73:4, 78:11-15.

Plaintiff's use of ACI's platform was governed by ACI's Terms and Conditions. The Terms and Conditions state that ACI provides a money transfer (or payment) on behalf of a sender – here, Plaintiff. ECF No. 13-1. The service is provided to the sender, Plaintiff, and not the recipient, Chrysler Capital. Id. The Terms and Conditions further state "ACI Payments, Inc. is not involved in the administration or collection of Your account with the Receiver, nor is ACI Payments, Inc. involved or associated with the goods and/or services provided by Receiver." Id. The Terms and Conditions further provide:

> "OTHER THAN OUR AGREEMENT WITH THE RECEIVER TO PROVIDE YOU ACCSESS TO THE ACI PAYMENTS, INC. SERVICE, ACI PAYMENT INC. IS NOT AFFILIATED WITH THE RECEIVER . . . ACI PAYMENTS, INC. SHALL HAVE NO RESPONSIBILITY OR LIABILITY FOR RECEIVER'S OBLIGATIONS TO YOU. YOU AGREE THAT ACI PAYMENTS, INC. SHALL HAVE NO LIABILITY FOR THE WRONGFUL ACTS, NEGLIGENCE OR ERRORS OF THE RECEIVER . . . ACI PAYMENTS, INC. IS NOT INVOLVED IN THE COLLECTION OF YOUR DEBT."
> Id.

The Terms and Conditions reiterate that "Your [Plaintiff] agreement with the Account Provider [Chrysler Capital] governs Your use of an Account and sets forth Your rights and liabilities

as Account Holder of an Account" and that "ACI Payments, Inc. is not responsible for actions taken by the Account Provider." Id.

**B. Procedural History**

Based on these allegations, the Plaintiff initiated this lawsuit against Santander Consumer USA, Inc., d/b/a Chrysler Capital ("Defendant"), asserting one cause of action: violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA")[ECF No. 1 at p. 6-7]. Defendant removed this case from the Circuit Court of Monongalia County, Civil Action No. 23C82, on May 19, 2023, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(5)(B). ECF No. 1. On January 23, 2024, the Court denied Defendant's Motion Pursuant to Federal Arbitration Act [ECF No. 12] and Supplement to Motion to Stay Pursuant to Section 3 of the Federal Arbitration Act [ECF No. 16]. ECF No. 30.

At the conclusion of discovery, Defendant filed a motion for summary judgment [ECF No. 56] and its Renewed Motion to Stay Pursuant to Section 3 of the Federal Arbitration Act [ECF No. 94]. Plaintiff filed her motion for class certification on October 14, 2025 [ECF No. 66] and a motion for partial summary judgment [ECF No. 79]. These three motions are pending before the Court.

**C. Motion to Certify**

In its pending motion, [ECF No. 104], Plaintiff asks the Court to certify one question:

> Can a "debt collector" be liable for engaging, "directly or indirectly," in "unfair or unconscionable means" of debt collection under W. Va. Code § 46A-2-128 based on its use of a third-party vendor, absent an agency relationship or other basis for vicarious liability between the debt collector and the vendor?

According to the Plaintiff, the West Virginia Consumer Credit and Protection Act ("WVCCPA") has not yet addressed whether a debt collector's own conduct in designing, promoting, and/or directing consumers to a third-party processor gives rise to independent liability or whether the plaintiff must additionally prove a formal agency relationship between the debt collector and the third-party processor. Plaintiff argues that answering the certified question will be determinative of the pending motions, no controlling West Virginia appellate authority exists, and the question presents a matter of sufficient public importance to warrant the Supreme Court of Appeals' consideration.

The Defendant opposes certification [ECF No. 106]. Defendant contests Plaintiff's assertions that certification is necessary or appropriate. First, Defendant argues that its renewed FAA motion to compel arbitration should be decided first. Second, Defendant

argues that answering the certified question will not be dispositive in this matter because questions of fact remain. Third, the Defendant argues that sufficient authority exists to resolve the question without certification. Defendant points to the language of the WVCCPA statute, federal Fair Debt Collection Practices Act ("FDCPA") precedent, and separate West Virginia Code sections that address the duties and obligations of licensed money-transmitters.

## II. RELEVANT LAW

West Virginia has enacted the Uniform Certification of Questions of Law Act, ("UCQLA"), W. Va. Code § 51-1A-1, et seq., which provides:

> The Supreme Court of Appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending case in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. § 51-1A-3. The Supreme Court of Appeals has recognized that the purpose of this statute is "to provide foreign courts with the benefit of [its] determination of West Virginia law" and "to resolve ambiguities or unanswered questions" in the same. Abrams v. W. Va. Racing Comm'n, 263 S.E.2d 103, 106 (W. Va. 1980) (internal quotations omitted); see also Morningstar v. Black and

Decker Mtg. Co., 253 S.E.2d 666, 669 (W. Va. 1979). The provisions of the UCQLA are discretionary for both the certifying court and the Supreme Court of Appeals. Abrams, 263 S.E.2d at 105; see also Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) ("[Certification's] use in a given case rests in the sound discretion of the federal court.").

## III. DISCUSSION

Certification of the question proposed by the Plaintiff is appropriate because its resolution will resolve pending dispositive motions, which depend upon whether the WVCCPA requires proof of agency or vicarious liability to establish a debt collector's liability for alleged third-party violations of the WVCCPA, and there is no controlling precedent under West Virginia law.

### A. Issue Determinative

The first prong of the UCQLA requires that a certified question be issue determinative. W. Va. Code § 51-1A-3. The certified question must "be pertinent and inevitable in the disposition of the case below." Hariston v. Gen. Pipeline Constr., Inc., 704 S.E.2d 663, 673 n.5 (W. Va. 2010). The Supreme Court of Appeals "will not consider certified questions not necessary to the decision a case." Zelenka v. City of Weirton, 539 S.E.2d 750, 752 (W. Va. 2000) (citing Shell v. Metropolitan Life Ins. Co., 380

S.E.2d 183 (W. Va. 1989). To that end, "certification requires 'a sufficiently precise and undisputed factual record on which the legal issues can be determined . . . [and that] such legal issues . . . substantially control the case.'" Zelenka, 539 S.E.2d at 752 (alteration in original) (quoting Bass v. Coltelli, 453 S.E.2d 350, 356 (W. Va. 1994)).

Because the answer to the question to be certified will determine whether the Defendant was potentially liable for their direct or indirect conduct related to third-party violations of the WVCCPA without establishing agency or vicarious liability principles, it will determine the viability of the pending cross-motions to for summary judgment. Hairston, 704 S.E.2d at 673 n.5. The factual record is sufficiently developed for certification. Plaintiff acknowledges that she was provided alternate payment methods that did not incur an additional fee. Defendant does not dispute that it had a separate agreement with ACI to promote and market ACI's payment-processing services. The questions to be certified are purely legal questions involving West Virginia consumer protection and commercial law.

**B. No Controlling Appellate Authority**

The second prong of the UCQLA is satisfied if it "appears to the certifying court there is no controlling precedent in the decisions of the [S]upreme [C]ourt of [West Virginia]."

Morningstar, 253 S.E.2d 666, 669 (W. Va. 1979). Here, there appears to be no controlling authority addressing whether a WVCCPA claim under Sections 127 or 128 requires proof of agency where the defendant debt collector acted through a third-party payment processor.

The WVCCPA defines "debt collector" as "any person or organization engaging directly or indirectly in debt collection." W. Va. Code § 46A-2-122(d)(emphasis added). No controlling appellate authority has determined whether the phrase "directly or indirectly" eliminates the need for agency proof when the debt collector itself orchestrated the allegedly unlawful conduct of a third party.

The Supreme Court of Appeals has recognized that the WVCCPA was enacted for equitable purposes and "must be liberally construed," Harper v. Jackson Hewitt, Inc., 706 S.E.2d 63, 72 (W. Va. 2010). The Court has dealt with the WVCCPA, including its identification of the FDCPA as the "federal equivalent to the WVCCPA"; however, the Court has never specifically addressed the agency question presented here. Vanderbilt Mortg. and Finance, Inc. v. Cole, 740 S.E.2d 562, 568 (W. Va. 2013); Tedrick v. LoanCare, LLC, 168 F.4th 154 (4th Cir. 2026)(holding Sections 127 and 128 are strict liability provisions); Casillas v. Tuscarora Land Co., 412 S.E.2d 792, 794 (W. Va. 1991)(identifying situations

in which "borrowers who suffered damages had no remedy" because "companies passed financing responsibilities to third parties."); Barr v. NCB Mgmt. Servs., Inc., 711 S.E.2d 577, 583 (W. Va. 2011) (acknowledging the Act provides relief for consumers who may otherwise have difficulty proving their case under traditional causes of action).

Most persuasively, the United States Circuit Court of Appeals for the Fourth Circuit has recently heard oral argument in an analogous case, Sheridan. Sheridan v. Ally Financial, Inc., 2025 WL 2055556 at *3 (S.D.W. VA. July 22, 2025). The Fourth Circuit heard Ally Financial Inc.'s appeal from Judge Volk's Memorandum Opinion and Order granting plaintiff's motion for class certification. See Case No. 5:23-cv-616, ECF No. 131. The Fourth Circuit panel expressly noted a lack of clarity in West Virginia law about whether an agency relationship is required under the WVCCPA. (4th Cir. Oral Arg. Recording at 3:09-4:37[1], Sheridan v. Ally Fin., Inc., No. 25-2145 (4th Cir. Sept. 16, 2026) (Richardson, J.)).

Therefore, the Court concludes that there is no controlling decision, constitutional provision, or statute on the question to

[1] The Sheridan v. Ally Financial, Inc., No. 25-2145, Fourth Circuit oral argument recording is accessible here: https://www.ca4.uscourts.gov/OAarchive/mp3/25-2145-20260916.mp3.

be certified and the second prong of the UCQLA is satisfied. Morningstar, 253 S.E.2d at 669. Given that the substantive law governing this case is unclear, certification of these questions will further the purpose of the UCQLA by providing this Court with the benefit of West Virginia's highest court's definitive resolution of the questions presented. Abrams, 263 S.E.2d at 106.

## IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** the Plaintiff's motion to certify a legal question to the Supreme Court of Appeals [ECF No. 104] based on:

1. The Plaintiff's argument that this question presents a matter of first impression under the WVCCPA that bears directly on the pending cross motions for summary judgment in this matter;
2. The Defendant's counter argument that the WVCCPA does not state or imply that a statutory debt collector can be liable for "directly or indirectly" charging prohibited fees;
3. The recognition by the Supreme Court of the United States and courts within this District that the state certification procedure is an efficient and useful

mechanism for resolving unanswered questions of state law; and

4. Defendant's lack of a persuasive argument against certification.

The Court **STAYS** ruling on pending motions in this matter including cross-motions for summary judgment [ECF Nos. 56 and 79], motion for class certification [ECF No. 66], and renewed motion to compel arbitration [ECF No. 94] pending the Supreme Court of Appeals' resolution of the certified question.

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Memorandum Opinion to counsel of record.

**DATED:** September 29, 2026



THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA